JOHN M. HUGHES SONS COMPANY, APPELLEE, v. BERGEN AND WESTSIDE AUTOMOBILE COMPANY, APPELLANT.

Argued June 4, 1907—Decided November 11, 1907.

Upon a review of the evidence herein—*Held*, that the trial judge was justified in finding that plaintiff's automobile was damaged through the negligence of one Green, an employe of defendant, while he was using the car in defendant's business and acting within the scope of his employment.

On appeal from First District Court of Jersey City.

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the appellant, *Horace L. Allen.*

For the appellee, *J. Merritt Lane.*

The opinion of the court was delivered by

PITNEY, J.    Plaintiff sued to recover damages for that the defendant, while through its agent using an automobile belonging to the plaintiff, negligently caused it to be damaged and broken. The action was tried by the District Court judge without a jury, and he rendered a judgment in favor of the plaintiff.

Plaintiff had for about six months kept the automobile in question at defendant's garage in Jersey City. Defendant conducted at this garage its business of dealing in and repairing automobiles, and storing and caring for cars of its customers. It was a part of the business of the company to assist its customers when their machines broke down upon the road. For this purpose defendant ordinarily used a car belonging to its president, this car being left at the garage subject to use by the manager in the business of the company. Defendant's manager was one Green, who had charge of its garage, and who carried on no other business.

In December, 1906, plaintiff was asked over the telephone by Green if he might use plaintiff's car to keep an engagement outside of Newark, giving as his reason that the car of defendant company was out of commission. Plaintiff asked him if he would be responsible in case anything happened to plaintiff's car while he was using it; to this Green replied in the affirmative, and thereupon plaintiff gave his consent.

Green had agreed with a Dr. Cook, one of defendant's customers, who kept a car in defendant's garage, and who proposed taking his car from Jersey City to Trenton, that he, Green, would assist him in his run to Trenton if he should have trouble on the road. For the purpose of following Cook on the road to Trenton, Green, after receiving permission, took the plaintiff's car and drove it to Trenton, without overtaking Cook, whereupon, finding that the latter had reached Trenton safely, Green returned with the plaintiff's car in the evening to the defendant's garage. The evidence justified the conclusion that plaintiff's car was damaged through Green's negligence on this journey.

There was no evidence of any express authority given by defendant company to Green to borrow an automobile for the use of the company.

We think, however, that the trial judge was justified in finding that since Green was the manager of defendant's business, one detail of which was to assist customers when their machines should break down upon the road, it was within the scope of Green's employment to follow a customer upon the road in order to be near at hand should an accident occur to the customer's car; that for the purpose of thus attending customers the use of an automobile was reasonably necessary, and that Green therefore had implied authority from defendant to hire or borrow a car to be used in this way when the president's car was out of commission, as it was on the occasion in question; that Green followed Dr. Cook upon the road to Trenton in order to be at hand should an accident occur to the car of Dr. Cook; that he borrowed plaintiff's car for this use, and was so using it when through his negligence the machine became injured; and that in thus making the journey

to Trenton in plaintiff's car, Green was engaged in doing defendant's business, and was acting within the scope of his employment.

The judgment under review should therefore be affirmed, with costs.